LUIS C. TRIGO, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, HON. EMILIO S. BELAVAL, JUDGE, Respondent; RAMÓN RODRÍGUEZ, Intervener.

No. 1762.   Argued November 1, 1948.—Decided November 22, 1948.

*Luis C. Trigo, pro se,* and *Gaspar Gerena Brás* for petitioner.
*Carlos D. Vázquez* and *Arnaldo P. Cabrera* for intervener,
defendant in the main action.

MR. ACTING CHIEF JUSTICE DE JESÚS delivered the opinion
of the Court.

The petitioner, on February 5, 1948, instituted an unlawful detainer proceeding in the Municipal Court of San Juan
for nonpayment of rent. The defendant did not answer but
filed a motion of dismissal and deposited in court the rents
due, costs and the attorney's fees that the court might fix.
The municipal court granted defendant's motion over the objection of the petitioner and allowed him five days to deposit
the amount of $50 as attorney's fees. It further decided
that upon depositing that amount the proceedings would be
dismissed and in default thereof the proceedings would continue. Having defendant failed to deposit the amount fixed
as attorney's fees the court rendered judgment against him.
The defendant appealed to the lower court. He again insisted on his motion for dismissal. After a hearing it was
granted, and the court fixed attorney's fees in the amount
of $10 to be deposited by defendant. Thereafter judgment
for dismissal was rendered. On motion of the plaintiff we
have issued this writ of certiorari.

The lower court applied § 209 (a) (1) of the Federal Housing and Rent Act of July 1, 1947 in connection
with § 18–A of the Reasonable Rents Act supplemented by
Act No. 415 of May 14, 1947 (Session Laws, page 820).

Section 209 (a) (1) reads thus:

"No action or proceeding to recover possession of any controlled housing accommodations with respect to which a maximum rent is in effect under this title shall be maintainable by
any landlord against any tenant in any court, notwithstanding
the fact that the tenant has no lease or that his lease has ex-

pired, so long as the tenant continues to pay the rent to which the landlord is entitled unless—

"(1) under the law of the State in which the action or proceeding is brought the tenant is (A) violating the obligation of his tenancy (other than an obligation to pay rent higher than rent permitted under this Act or an obligation to surrender possession of such housing accommodations) or (B) is committing a nuisance in such housing accommodations or using such housing accommodations for an immoral or illegal purpose or for other than living or dwelling purposes."

And the aforesaid § 18–A provides:

"When the ejectment proceeding is based on nonpayment of the rent or price agreed upon in a contract, no evidence, other than the receipt or any other document verifying the fact that payment has been made, shall be admitted to the defendant; *Provided, That if the defendant shall, at any stage of the proceedings, pay the rent due, together with costs and attorney's fees fixed by the court, the court shall issue a resolution dismissing the proceedings or vacating the judgment rendered.*" (Italics ours.)

As was correctly held by the judge of the lower court, the two statutory provisions above quoted, the federal as well as the insular, are completely reconcilable. And as we said in *Avila* v. *District Court*, 68 P.R.R. 10, the grounds for eviction pursuant to § 209 (a) (1) must arise under the law of the State. It is true that pursuant to the local statute the nonpayment of the rent is a violation of the lease contract. But it is no less true that § 18–A itself expressly condones this violation when the tenant shall, at any stage of the proceedings, pay the rent due, together with costs and attorney's fees fixed by the court. Therefore, under the local statute, the ground for eviction for nonpayment is subject to the condition that the tenant, at any stage of the proceeding, shall pay the aforesaid amounts thereby defeating the cause of action which existed up to that moment.

The decision appealed from is correct. The petition for certiorari is denied and the writ is quashed.